UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                        Case No. 3:13-cr-00021and 3:12-mj-07094

        Plaintiff

v.                                                               ORDER

Justin A. Eckenrode,

        Defendant

        The government seeks my revocation, pursuant to 18 U.S.C. § 3145(a)(1), of the order of the Magistrate Judge granting pretrial release of Defendant Justin A. Eckenrode. For the stated reasons that follow, the government's motion is denied and the Defendant is ordered released subject to the terms and conditions set by the Magistrate Judge.

        Defendant Eckenrode was charged in a single-count criminal complaint with a violation of 18 U.S.C. § 875(c), the transmittal of a threat in interstate commerce. The investigation and subsequent charge in this case arises from Mr. Eckenrode's alleged choice on November 4, 2012, to post threatening messages on the Rossford, Ohio Police Department Facebook Wall. The first message stated: "so I guess its that time for me if you come to my house for any reason you will die…sry". The second message, posted sometime later that day, stated "WHAT YOU WAITING FOR THE DEATH OF OTHERS? That should be my only curse."

        In response to these postings, officers of the Rossford Police Department went to Mr. Eckenrode's residence in Rossford to investigate. Mr. Eckenrode acknowledged using

Facebook the previous evening, but claimed to be very drunk when he made the posts. He was arrested and charged under state law. During a search of his residence, officers found and seized a Smith & Wesson, model MP-15, .223 caliber semiautomatic rifle with 30 and 10 round magazines as well as 40 rounds of .223 caliber ammunition. Mr. Eckenrode stated, and law enforcement later confirmed, that he purchased the weapon lawfully from a local retailer a few months before his arrest.

After his November 4 arrest, Mr. Eckenrode was released by the state court on bond. He was subsequently charged in this federal complaint and arrested on December 18. He was arraigned the same day and ordered detained. On December 21, a preliminary hearing was held and the Magistrate Judge found probable cause was established.[1] A detention hearing was conducted on December 26, 2012, and January 3, 2013.

At the December 26 hearing, Special Agent Andre Miller of the Bureau of Alcohol, Tobacco and Firearms testified in support of the government's request that Mr. Eckenrode be detained. On January 3, the Defendant proposed to the Magistrate Judge that his grandmother, Elodie Eckenrode, be permitted to serve as his custodian. Ms. Eckenrode then gave testimony in support of her willingness to serve as a custodian, as well as her history with the Defendant.

After counsels' questions, the Magistrate Judge conducted her own examination of Ms. Eckenrode and of the Defendant. At the conclusion of this testimony and the arguments of counsel, the Magistrate Judge granted Mr. Eckenrode's pretrial release on bond with a number of special and general conditions, notably that his grandmother's home be posted in support of his bond, and that he live with his grandmother at her home and under her supervision as custodian during the pendency of his case. She also ordered that the

---

[1] The Magistrate Judge's finding of probable cause was ratified by the grand jury's subsequent return of a single-count indictment against Mr. Eckenrode for the charge stated above.

2

Defendant's uncle, Matthew Eckenrode, who resides with Ms. Eckenrode, be another third-party custodian, provided he is willing and found suitable (R. 6, 7).

Citing concerns about Mr. Eckenrode's behavior, including his possession of the rifle and ammunition, and his subsequent suicidal ideation, the government objected to his release and requested a stay of the release order for a day, should it decide to seek the District Court's review of the Magistrate Judge's order releasing the Defendant. The Magistrate Judge granted the government's request for a stay (R. 8).

On January 4, 2013, the government filed its "appeal" of the Magistrate Judge's decision with the District Court (R. 9). I was assigned this matter at random,[2] and granted the government's motion for a continued stay of Mr. Eckenrode's release pending my review. In the course of that review, I have reviewed: (1) the transcript of the preliminary hearing held on December 21, 2012; (2) the transcripts of both days of the detention hearing, held on December 26, 2012, and January 3, 2013; (3) the Pretrial Services Report dated December 20, 2012; and (4) the government's memorandum in support of its motion to revoke the Magistrate Judge's order (R. 9).

The government urges that I grant its motion for revocation, citing a number of concerns, including Mr. Eckenrode's confession of his history to Pretrial Services during his interview:

- He was discharged by the Army National Guard for mental health reasons
- He suffers from depression, anxiety, and ADHD
- He was prescribed psychotropic medication while a patient at Behavioral Connections
- He expressed suicidal ideation

---

[2] During my consideration of the government's motion, the grand jury returned its indictment. Coincidentally, the case was assigned to my docket, bearing case number 3:13-cr-00021.

3

- He was approved for Social Security benefits in 2009

In addition, the government expresses concerns about the appropriateness of his grandmother as designated custodian, based upon her revelation that he had a bad temper in his childhood necessitating her to take him to see a psychologist.  She also testified that he suffered from frequent bouts of depression for which she would attempt to help him by discussing his problems with him, apparently with some success.

The government was also troubled by her lack of knowledge of some parts of his current condition and lifestyle, including his use of alcohol, firearms possession, suicidal ideation, as well as what treatment or medication he was receiving for mental health issues.  The government also expressed concern over Ms. Eckenrode's reluctance to remove a firearm from her home before Mr. Eckenrode's arrival, a condition of release by the Magistrate Judge.

The government's greatest expressed area of concern is the status of Mr. Eckenrode's mental health.  As a condition of release, Mr. Eckenrode was scheduled for a mental health evaluation on January 8.  Unfortunately, no such evaluation occurred since his release was stayed pending my review.

A District Court reviews the release order of a Magistrate Judge *de novo*.  *See, e.g., United States v. Leon,* 766 F.2d 77, 80 (2d Cir.1985); *Borodin v. Ashcroft,* 136 F.Supp.2d 125, 128 (E.D.N.Y. 2001).

Because of Mr. Eckenrode's lack of a criminal record and the nature of the charge against him, there is no rebuttal presumption of detention.  Accordingly, my decision hinges upon whether I can find conditions of release "that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 1342(e).  In making my decision, I review the issue of continued detention or release under the criteria set forth in 18 U.S.C. § 1342(g):

4

> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. ***

1. <u>The nature and circumstances of the offense charged.</u>

   While undoubtedly serious, Mr. Eckenrode's offense is neither "a crime of violence, a violation of section 1591, a Federal crime of terrorism, [n]or involves a minor victim or a controlled substance, firearm, explosive, or destructive device…." While law enforcement did indeed find an assault-class rifle in his possession, his acquisition and possession of that weapon was perfectly lawful and the charge he faces is not firearms-related. Conversely, the timing of his purchase and nature of the threats alleged does give me pause, and is discussed further under subsection 4, below. Nevertheless, the nature of the offense charged, in and of itself, weighs against his continued detention.

2. <u>The weight of the evidence against Mr. Eckenrode.</u>

   The weight of the evidence against Mr. Eckenrode is strong. Rossford Police were able to identify Mr. Eckenrode, or at least the residence where he resides alone, as the likely

source of the Facebook posting which is at the heart of this charge. Upon arriving at this residence, Mr. Eckenrode confirmed his authorship of the Facebook postings.

In reviewing the words he apparently chose in his two posts, the threat appears direct and unambiguous. Accordingly, I conclude the weight of the evidence weighs in favor of Mr. Eckenrode's continued detention.

3. <u>The history and characteristics of Mr. Eckenrode</u>.

This provision requires I consider a number of factors. I will limit my review and discussion to subsection (A), as subsection (B) does not apply since Mr. Eckenrode, at the time of the current offense or arrest was not on probation, parole or on release "pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law…."

Subsection (A) includes review of Mr. Eckenrode's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings…." A key element of Mr. Eckenrode's history and characteristics that supports his release is his lack of any criminal history. And while he has no immediate family of his own – no spouse or children – he has enjoyed and continues to enjoy a strong relationship with and the support of his grandmother. Further, he is an apparent life-long resident of the community. Both his father and uncle live in the area, as well. His uncle, Matthew Eckenrode, lives with his grandmother and would also be required to assist in his home detention.

I discuss Mr. Eckenrode's mental condition under subsection 4, below.

4. <u>The nature and seriousness of the danger to any person or the community that would be posed by his release</u>.

The government and I share concerns about Mr. Eckenrode's current mental condition. The content of his posting, his expression of suicidal ideation to the Pretrial Services Officer, and his recent acquisition and possession in his home of an assault-class weapon with 40 rounds of ammunition give me great pause.

My concerns, however, are ameliorated by a number of factors. First, his grandmother seems to be a woman of strong constitution and confidence, and is convincing in her expression of her ability to supervise and influence her grandson. She has done so before at times of doubt, depression or perceived crisis in his life and it appears likely she will prove to be the positive influence he needs at this point in his life. While I understand the government's concern about her lack of knowledge about some recent facets of his life, including acquisition of the firearm and his taking of apparent psychotropic medication, I believe on balance she will provide the intervention and supervision needed to ensure his time on bond will be in compliance with court orders.

Second, Mr. Eckenrode's weapon and ammunition were seized at the time of his initial arrest on state charges. Significantly, he greeted law enforcement at this door without brandishing his weapon and was cooperative and conversant during their investigation and search of his home. While the government is correct that there may be no way to prevent him from acquiring another firearm, he and his grandmother have been clearly instructed about the absolute ban of firearms within her home while her grandson resides with her. Since she is almost always home, and her son will assist in supervision of Mr. Eckenrode, it is highly unlikely he will have access to any more firearms. If he does, I am confident such acquisition or attempted acquisition will be promptly reported to Pretrial Services or other authorities.

I do not share the government's concern about Ms. Eckenrode's initial reluctance to remove her firearm from her home. She was accustomed to having the solace of the

weapon for her personal protection.  I do not doubt her willingness to remove the weapon and uphold the court's ban on any firearms during Mr. Eckenrode's release.

Third, Mr. Eckenrode has no criminal record and seems very willing to comply with the fairly stringent terms and conditions imposed by the Magistrate Judge.

Finally, he will indeed be required to submit to a mental health evaluation which will then be reviewed by Pretrial Services to discern the existent of any other risk factors and the implementation of appropriate conditions of release to address any newly perceived risks.

Accordingly, I find that the conditions set by the Magistrate Judge will reasonably assure the appearance of the Defendant as required and provide for the safety of other persons and the community.  The government's motion to revoke the Magistrate Judge's order of release on bond is denied.  The Defendant is ordered released on bond forthwith under the terms and conditions originally set by the Magistrate Judge (R. 6, 7), providing he and his family have complied with all conditions precedent of his release, including removal of Ms. Eckenrode's firearm from her home and the Magistrate Judge granting approval of Matthew Eckenrode as an additional third-party custodian.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge